UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO McKINNEY, | No. 2: 18-cv-1466 KJN P |
| Petitioner, | |
| v. | ORDER & FINDINGS & RECOMMENDATIONS |
| SCOTT KERNAN, et al., | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

For the reasons stated herein, the undersigned recommends that this action be dismissed.

On May 24, 2018, petitioner opened this action by filing an application to proceed in forma pauperis and a copy of an order by the California Supreme Court denying his habeas corpus petition. (ECF Nos. 1, 2.) On June 5, 2018, the undersigned issued an order informing petitioner that he must file a habeas corpus petition to commence this action. (ECF No. 4.) The undersigned granted petitioner thirty days to file a habeas corpus petition. (Id.)

////

1

Pursuant to the mail box rule, on June 12, 2018, petitioner filed two documents: a habeas corpus petition (incorrectly docketed as a "first amended petition") (ECF No. 6); and a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 7).[1] On August 30, 2018, petitioner filed a motion for appointment of counsel. (ECF No. 8.)

The habeas corpus petition contains a note at the top by petitioner stating that he filed a habeas petition in May 2018. (ECF No. 6 at 1.) Petitioner also writes, "2nd Attempt of Writ Filed May 2018." (Id.) The court has no record of petitioner filing a habeas corpus petition in the instant action in May 2018.

The habeas corpus petition states that petitioner is challenging his 2003 Lassen County conviction for violating California Penal Code § 243, for which he was sentenced to two years. (Id.) Court records indicate that petitioner filed another habeas corpus petition in this court also challenging his 2003 Lassen County conviction for violating California Penal Code § 243, i.e., McKinney v. Montgomery, 2:17-cv-0581 JAM GGH P.

The court dismissed 17-cv-0581 on June 6, 2018. (See 17-cv-0581 at ECF Nos. 28, 30.) In 17-cv-0581, the court dismissed petitioner's challenge to his 2003 Lassen County conviction for violating California Penal Code § 243 as barred by the statute of limitations. (Id. at ECF Nos. 28, 30.) The court also found that petitioner raised a claim challenging a resentencing, apparently related to the 2003 Lassen County conviction. (Id. at ECF Nos. 28, 30.) The court dismissed petitioner's claim challenging the resentencing as successive to an earlier petition or, in the alternative, for failing to raise a cognizable claim. (Id. at ECF Nos. 28, 30.)

The instant petition contains four grounds for relief. In claim one, petitioner alleges, "Motion 60(b)…The motion not treated as a successful petition. District court did not reach the merits of my claim." (ECF No. 1 at 4.) Claim two alleges, "2244(b)(2)(2) …Newly Discovered Evidence … High Desert State Employee Corruption Scandal is Review by 2015 by Inspector General, and Senate Committee." (Id.) Claim three alleges, "Conviction Obtain by the Unconstitutional Failure of the Prosecution to Disclose Defendant Evidence." (Id. at 5.) Claim

---

[1] A proof of service attached to the 60(b) motion refers to both the habeas petition and the 60(b) motion.

four alleges, "Denial of Right to Appeal ... See Clerk Record of Federal Court and State Court denial of appellant's appeals about the review of H.D.S.P. by witness Senate Committee/Inspector General." (Id.)

Claims one and two, and possibly four, appear to challenge the district court's order dismissing 17-cv-0581. Claims three and possibly four appear to raise claims directly challenging petitioner's 2003 Lassen County conviction for violating California Penal Code § 243.

To the extent petitioner raises claims in the instant petition challenging the district court's order dismissing 17-cv-0581, these claims are improperly raised in the instant action. The undersigned has no authority, in this action, to review the orders issued in 17-cv-0581. Petitioner's challenges to the district court's order in 17-cv-0581 should be filed in 17-cv-0581. Accordingly, these claims should be dismissed as improperly raised in the instant action.

For the reasons stated herein, the claims raised in the instant petition directly challenging the 2003 Lassen County conviction should be dismissed as successive.

As discussed above, the court dismissed 17-cv-0581 on June 6, 2018. Petitioner's motion to proceed in forma pauperis and copy of the order by the California Supreme Court denying his habeas petition, filed May 24, 2018, cannot be considered petitions for a writ of habeas corpus. A petition for writ of habeas corpus must: "1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rules Governing Section 2254 Cases, Rule 2.

Petitioner's filings prior to the petition filed on June 12, 2018, did not meet the above requirements. Accordingly, no petition was pending at the time the present action commenced on May 24, 2018. Cf. Braggs v. Walker, 2011 WL 2709847 at *2 (N.D. Cal. July 11, 2011) citing Woodford v. Garceau, 538 U.S. 202, 210 (2003) (request for counsel in capital case did not suffice to make "pending" a habeas petition filed after the effective date of AEDPA.).

////

1    Because petitioner filed the habeas petition in the instant action on June 12, 2018, i.e.,
2    after the court dismissed 17-cv-0581 on June 6, 2018, it cannot be considered as a motion to
3    amend the petition filed in 17-cv-0581. See Woods v. Carey, 525 F.3d 886, 890 (9th Cir. 2008)
4    (when a new pro se habeas petition is filed before the adjudication of a prior habeas petition is
5    complete, the new petition should be construed as a motion to amend the petition, rather than as a
6    successive petition.) Instead, the claims raised in the instant action challenging petitioner's 2003
7    Lassen County conviction are successive to those raised in 17-cv-0581, because they were raised
8    in a petition filed after the court dismissed 17-cv-0581.

9    Title 28 U.S.C. Section 2244(b) requires that a petitioner seeking to file a "second or
10   successive" habeas petition must first obtain authorization from the Court of Appeals. See Burton
11   v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court
12   of Appeals before filing second or successive petition, "the District Court was without
13   jurisdiction to entertain [the petition]"). Petitioner has clearly not obtained authorization from the
14   Ninth Circuit Court of Appeals to proceed with his successive claims. For this reason, this court
15   cannot consider the claims raised in the instant petition challenging petitioner's 2003 Lassen
16   County conviction for violating California Penal Code § 243. Accordingly, these claims should
17   be dismissed. See Remsen v. Att'y Gen. of Calif., 471 Fed. App'x 571, 571 (9th Cir. 2012) (if a
18   petitioner fails to obtain authorization from the Court of Appeals to file a second or successive
19   petition, "the district court lacks jurisdiction to consider the petition and should dismiss it.")
20   (citation omitted).

21   Petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure
22   60(b) appears to raise claims related to the district court's order dismissing 17-cv-0581. A 60(b)
23   motion related to the district court's order in 17-cv-0581 is improperly brought in the instant
24   action. Petitioner's 60(b) motion challenging the district court's order in 17-cv-0581 should be
25   filed in 17-cv-0581. For these reasons, the undersigned recommends that petitioner's 60(b)
26   motion be denied.
27   ////
28   ////

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 2) is granted;

2. The Clerk of the Court shall appoint a district judge to this action;

3. Petitioner's motion for appointment of counsel (ECF No. 8) is denied; and

IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for relief from judgment pursuant to Rule 60(b) (ECF No. 7) be denied;

2. The instant action be dismissed for the reasons discussed above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 18, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mck1466.156

5